UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

JENNIFER ADLER,  Case No.: _____

    Plaintiff,

v.

OCWEN LOAN SERVICING, LLC,

    Defendant.

_____/

**NOTICE OF REMOVAL**

    Defendant, OCWEN LOAN SERVICING, LLC ("Ocwen"), removes the action pending in the County Court in and for Palm Beach County, Florida, Case No. 502016SC001956XXXXMB, styled *Jennifer Adler v. Ocwen Loan Servicing, LLC*. Removal is authorized by 28 U.S.C. §§ 1331 and 1441 because the Plaintiff's Complaint alleges a cause of action under the Real Estate Settlement Procedures Act, 12. U.S.C. § 2601, *et seq*. ("RESPA").

    **I.**    **Background and Compliance**

    On February 3, 2016, Plaintiff commenced an action by filing a complaint in the County Court in and for Palm Beach County, Florida, Case No. 502016SC001956XXXXMB, styled *Jennifer Adler v. Ocwen Loan Servicing, LLC* ("State Court Action"). On June 22, 2016, Ocwen was served with the Amended Complaint. Plaintiff's Amended Complaint alleges a cause of action under the RESPA. Ocwen has not filed an answer or otherwise responded to Plaintiff's Amended Complaint. As of the date and time of filing of this Notice of Removal, the circuit court has

scheduled a pretrial conference for August 9, 2016, and trial has not been scheduled in the State Court Action.

Ocwen now removes Plaintiff's action to the United States District Court for the Southern District of Florida. Ocwen's notice of removal is timely. *See* 28 U.S.C. § 1446(b). Ocwen's deadline to remove the action is July 22, 2016, thirty (30) days from the date of service of the Amended Complaint. *See* 28 U.S.C. § 1446(b); *Bailey v. Janssen Pharmaceutical, Inc.*, 536 F.3d 1202, 1205 (11th Cir. 2008).

Under 28 U.S.C. § 1446(a), Ocwen attaches hereto as **Composite Exhibit A**, a copy of the state court file in this action, including copies of all process, pleadings, orders and other papers or exhibits of every kind. Ocwen represents that it will file with the Clerk of the County Court in and for Palm Beach County, Florida, a Notice of Filing Notice of Removal pursuant to 28 U.S.C. § 1446(d), and will give written notice thereof to Plaintiff.

Under to 28 U.S.C. § 1441(a) venue properly rests in the United States District Court for the Southern District of Florida, as this action is being removed from the County Court where it was originally filed in Palm Beach County, Florida.

## II.    Grounds for Removal

The above described action is a civil action in which this court has original jurisdiction under the provisions of 28 U.S.C. § 1331, and is one which may be removed to this Court by Ocwen under 28 U.S.C. § 1441. Under 28 U.S.C. § 1331, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." A case is deemed to arise under "the law that creates the cause of action." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983) (quoting *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916)); *Provident Life & Accident Ins. Co.*

*v. Waller*, 906 F.2d 985, 988 (4th Cir. 1990); *West 14th Street Commercial Corp. v. 5 West 14th Owners Corp.*, 815 F.2d 188, 192 (2d Cir.1987); *White v. Matthews*, 420 F. Supp. 882, 887 (D. S.D. 1976).  In other words, a claim gives rise to federal jurisdiction if it is "founded directly upon federal law." *Robinson v. Wichita Falls & North Texas Community Action Corp.*, 507 F.2d 245, 249 (5th Cir. 1975).

Here, Plaintiff's Amended Complaint gives rise to federal jurisdiction through allegations that Ocwen violated the RESPA. Therefore, removal is appropriate given that Plaintiff's RESPA claims arise under the laws of the United States.  *See* 28 U.S.C. § 1331.  It is undisputed that Plaintiff's claim is based on federal law and this Court should accept jurisdiction over the case.

### III.   Conclusion

Removal of this case is timely and appropriate, and this Court has federal question and supplemental jurisdiction over this action. Ocwen respectfully requests that this Court take jurisdiction over this matter and remove this action from the County Court in and for Palm Beach County, Florida, to the United States District Court for the Southern District of Florida.

Dated:  July 21, 2016

    Respectfully submitted,

    **BLANK ROME, LLP**
    500 E Broward Blvd, Suite 2100
    Fort Lauderdale, FL  33394
    Telephone: 954-512-1800
    Facsimile: 954-512-1818

    */s/ Joseph M. Reichert*_____
    Joseph M. Reichert
    Florida Bar No. 65041
    JReichert@BlankRome.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed this 21st day of July, 2016, with the Clerk of the Court by using the CM/ECF System, and served by e-mail to Counsel for Plaintiff: Brian Korte, Esquire and Allegra Fung, Esquire, service@kwlawfirm.com.

>   */s/ Joseph M. Reichert*
>   Joseph M. Reichert
>   Florida Bar No. 65041
>   JReichert@BlankRome.com